# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

**TONY (CHESTER) E. MAEZ,**

   **Plaintiff,**

v.                Civ. No. 96-1548 JP/LFG

**VILLAGE OF CHAMA, JOHN ARAGON,**
**in his individual capacity, FRANK COPPLER,**
**in his individual capacity, COPPLER &**
**ARAGON, P.C., AND COPPLER, ARAGON &**
**MANNICK, P.C.,**

   **Defendants, and**

**VILLAGE OF CHAMA,**

   **Counterclaimant,**

v.

**TONY (CHESTER) E. MAEZ,**

   **Counterdefendant.**

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

  At a non-jury trial on January 27, 1998, the parties presented testimony of witnesses and exhibits on the Village of Chama's counterclaim for PERA (Public Employees Retirement Association) employee contribution from Tony Maez. Having considered the evidence and statements of counsel, I make the following findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a):

**Findings of Fact**

1. On October 14, 1997, I ordered the Village of Chama to remit to the PERA the amounts due for employer's (Chama's) and employee's (Mr. Maez') PERA contributions for Tony E. Maez for the pay periods during which Chama had paid no contributions to the PERA for Tony Maez.

2. The Village of Chama made a payment of $81,718.46 to the PERA on December 22, 1998.

3. The $81,718.46 payment satisfied in full the amount the PERA claimed for the August 16, 1980 to June 17, 1994 time period for the employer and the employee contributions for Tony E. Maez.

4. Of the $81,718.46, $47,150.42 represented the amount due to the PERA for the employer's contribution, inclusive of interest totaling $19,231.35.

5. Of the $81,718.46, $34,568.04 represented the amount due to the PERA for the employee's contribution, inclusive of interest totaling $14,168.76.

6. Of the $81,718.46 paid to the PERA, $23,619.38 came from the Village of Chama's treasury.

7. An insurance company paid $58,099.08 of the $81,718.46 paid to the PERA.

**Conclusions of Law**

(A) PERA Rule 500.10(D)(1) required Chama to pay to the PERA both the employer's contribution and the employee's contribution, and on December 22, 1997, Chama paid to the PERA $23,619.38 of Village funds and $58,099.08 of insurance funds in full

2

    satisfaction of both employer and employee contributions owed to the PERA for Tony Maez.

(C)   To establish its counterclaim, the Village had the burden of proving that neither Tony Maez nor someone on his behalf paid the employee contribution to the PERA.

(D)   On the trial record before the court, it would be as reasonable (or even more reasonable) to infer that the insurance company's payment was paid on Tony Maez' behalf in satisfaction of the employee contribution, as it would be to infer that the insurance payment was in satisfaction of the employer's contribution.

    (1)   The insurance payment of $58,099.08 was well in excess of either the employee contribution ($34,568.04) or the employer contribution ($47,150.42); even if the insurance company's payment were applied first to the entire employer contribution, there would still be $10,948.66 available to apply to the employee contribution.

    (2)   It is reasonable to infer that:

        (a)   the $23,619.38 of Village funds which Chama paid to the PERA were applied to the employer contribution ($47,150.42);

        (b)   the $58,099.08 of insurance funds were applied to:

            –   the balance owed on the employer contribution ($23,531.04), and

            –   the entire amount owed on the employee contribution ($34,568.04).

(D)   The evidence presented at trial failed to show:

    (1)   Which entities were insured under the insurance policy – the Village of Chama, the employees of the Village of Chama, including plaintiff-Tony Maez, or both;

    (2)   Under what insuring provisions the insurance company made this large payment to PERA; and

    (3)   On whose behalf the insurance company made its payment to the PERA.

(E)   Chama simply failed to meet its burden of proof on its counterclaim.[1]

_____
UNITED STATES DISTRICT JUDGE

---

[1] Having concluded that Chama failed to meet its burden of proof on the counterclaim, I have not addressed the other defenses raised by counterdefendant, which include various equitable defenses and a statute of limitations defense. With respect to the statute of limitations argument, it does appear that the statute of limitations may bar substantial parts of the counterclaim depending in part upon the applicability of *Tull v. City of Albuquerque*, 120 N.M. 829 (Ct. App. 1995), to the facts of this case.